Case 1:06-cr-00092-T-DLM Document 50-3 Filed 05/08/2007 Page 1 of 3

FILED

SEP 26 2006

U.S. DISTRICT COURT
DISTRICT OF RHODE ISLAND

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

UNITED STATES OF AMERICA :
:
vs. : CR NO.: 06-019-01ML
:
CARLOS DIAZ :

**OBJECTION TO PRESENTENCE INVESTIGATION REPORT AND MOTION FOR DOWNWARD VARIANCE FROM GUIDELINE RANGE**

1. **OBJECTION TO ADJUSTMENT FOR ROLE IN THE OFFENSE PURSUANT TO §3B1.2(B)**

Pursuant to the Plea Agreement and the Presentence Investigation Report, the government and the probation officer both agreed to give Mr. Diaz a two-level (-2) reduction to his base offense level.

Mr. Diaz contends that he is deserving of a four-level (-4) reduction pursuant to § 3B1.2(a) because his role in the offense was minimal.

Patrick Schwab, who testified for the government in this case, stated that Carlos Diaz simply acted as an interpreter for him. Schwab stated that Mr. Diaz never handled any cocaine for him nor did he ever see Mr. Diaz in possession of cocaine.

There is scant evidence to support the government's theory that Mr. Diaz assisted Estroredarcio Bernard a/k/a "Belige" in the distribution of cocaine.

A search of Mr. Diaz' residence after his arrest was negative for any narcotics and/or narcotic paraphernalia (i.e. scales, ledgers, bagging materials, etc.).

2. **OBJECTION TO NOT RECEIVING TWO-LEVEL (-2) REDUCTION FOR LIMITATION ON APPLICABILITY OF STATUTORY MINIMUM SENTENCES PURSUANT TO § 5C1.2.**

Mr. Diaz contends that he should receive a two (-2) level reduction for the "Safety-Valve".

Mr. Diaz has met with the Assistant United States Attorney and is scheduled for a second meeting. The Defendant contends that he has met all the requirements under § 5C1.2.

Case 1:06-cr-00092-T-DLM Document 50-3 Filed 05/08/2007 Page 2 of 3

**3. THE DEFENDANT MOTIONS FOR A DOWNWARD VARIANCE FROM THE GUIDELINE RANGE.**

The Court shall impose a sentence sufficient, but not greater than necessary, to comply with the need for the sentence imposed. 18 USC 3553(a)

**A. NATURE OF THE OFFENSE**

Mr. Diaz is charged with conspiracy with others to distribute and possession with intent to distribute five hundred (500) grams or more of cocaine. The government's evidence at trial showed that Mr. Diaz acted as an interpreter between Patrick Schwab and Alberto Sama Graciano. Mr. Sama Graciano and Mr. Schwab are charged in separate indictments. Mr. Diaz was never arrested with narcotics in his residence, nor on his person.

**B. HISTORY OF DEFENDANT**

1. Carlos Dias is thirty-four (34) years of age and has no prior criminal record.

2. Mr. Diaz was born to the union of Luis Sama and Maria Diaz. Ms. Dias was only fourteen years of age when she conceived the Defendant. His father refused to accept him until his death in 1992 when the Defendant was eighteen (18). Mr. Diaz' mother died in 1995 at age thirty-seven (37) due to complications during childbirth. His grandmother was his biggest influence during his early years.

3. Mr. Diaz has resided in the United States since 1998. He is a lawful permanent resident. He was gainfully employed at the same job since his arrival in the United States.

4. Mr. Diaz married his wife, Ilonka Diaz in 1995. They have three children. (Stacy, age 10; Andy, age 5; and Manny who was born while Carlos was incarcerated). Mr. Diaz had been a very good provider for his family prior to his incarceration. His wife has been forced to seek public assistance due to his arrest. Mr. Diaz' wife and children have all been involved in counseling since his incarceration.

5. Mr. Diaz does not use narcotics and very rarely drinks alcohol.

## C. THE NEED FOR THE SENTENCE IMPOSED

1. Mr. Diaz does not seem likely to violate any criminal law in the future. His history shows a lack of propensity to be involved in illegal activity. His greatest punishment will most likely be deportation from the United States. Ilonka Diaz has stated she would move her family to the Dominican Republic to be with her husband.

2. Mr. Diaz has been incarcerated since his arrest on January 30, 2006. A just punishment for his offense would be a sentence of twenty-four (24) months. A sentence of twenty-four (24) months would be a deterrent to him from any future criminal conduct. The evidence provided by the government against Mr. Diaz lends support that twenty-four (24) months would be sufficient punishment for the offenses.

Respectfully submitted,
Carlos Diaz,

William J. Murphy #4258
Murphy & Fay, LLP
127 Dorrance Street – 2nd Floor
Providence, Rhode Island 02903
Tel: 401-490-3200

## CERTIFICATION

I, the undersigned hereby certify that I hand-delivered a true and accurate copy of the within Objection to the U.S. Attorney, Fleet Center, 50 Kennedy Plaza, Providence, Rhode Island 02903 on this 26th, day of September, 2006.