UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

_____
                                    )
UNITED STATES OF AMERICA            )
                                    )
        v.                          )   CR. No. 06-92-2 S
                                    )
ESTOREDARCIO BERNARD,               )
                                    )
        Defendant.                  )
_____)

## MEMORANDUM AND ORDER

WILLIAM E. SMITH, United States District Judge.

Estoredarcio Bernard has filed a second motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 and a motion seeking a certificate of appealability as to the denial of his first motion to vacate, set aside, or correct sentence. (ECF Nos. 101 and 102.) For the reasons set forth below, Bernard's request for a certificate of appealability is DENIED, and his motion to vacate, set aside, or correct his sentence is DISMISSED.

On January 30, 2007, Bernard pleaded guilty to two charges related to a cocaine trafficking enterprise run from his Providence, Rhode Island liquor store. He was sentenced to 168 months of incarceration. Following an unsuccessful direct appeal to the First Circuit Court of Appeals, Bernard filed his first Section 2255 motion on January 5, 2009. This Court rejected Bernard's first motion under Section 2255

finding that his arguments regarding ineffective assistance of trial and appellate counsel lacked merit. Bernard v. United States, No. CR. 06-092-02S, 2010 WL 1626461 (D.R.I. April 20, 2010). At the same time, this Court ruled Bernard's claims were not appropriate for the issuance of a certificate of appealability. Id. at *9. Nothing has changed in that regard. Therefore, Bernard's motion for a certificate of appealability (ECF No. 101) is DENIED.[1]

This Court lacks jurisdiction to address Bernard's other motion. In pertinent part, 28 U.S.C. § 2255 provides that:

> A second or successive motion must be certified as provided in section 2244[2] by a panel of the appropriate court of appeals to contain—
>
> (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>
> (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

---

[1] To the extent that Bernard's motion for a certificate of appealability is a request for permission to file a second petition under Section 2255, it must be denied as well. This Court is not empowered to grant Bernard permission to file a second petition.

[2] In relevant part, 28 U.S.C. § 2244 provides that: "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A).

28 U.S.C. § 2255(h); see also United States v. Rivera-Lebron, 410 F. App'x 352, 354 (1st Cir. 2011) (describing the pre-clearance step as the "gate-keeping requirement[] of section 2255"). Where a petitioner does not first obtain the permission of the court of appeals, the district court lacks jurisdiction to hear the second or successive motion. See, e.g., United States v. Cao, CR. No. 05-134-4-ML, 2013 WL 1130958, at *2 (D.R.I. Mar. 18, 2013).

In May 2012, Bernard was denied permission by the First Circuit Court of Appeals to file a second or successive motion under 28 U.S.C. § 2255. (ECF. No. 99.) Despite this denial, in July 2013, Bernard filed that second motion, which is presently before the Court. (ECF No. 102.) Because Bernard has not been granted permission by the First Circuit Court of Appeals, however, this Court must dismiss that motion due to lack of jurisdiction.

For the foregoing reasons, Bernard's motion to vacate, set aside, or correct sentence is DISMISSED, without prejudice to re-filing if the First Circuit Court of Appeals gives Bernard permission to do so.

IT IS SO ORDERED.

*/s/ William E. Smith*
William E. Smith
United States District Judge
Date: October 2, 2013